RILEY SAFER HOLMES & CANCILA LLP
MEGHAN R. MCMEEL (CSB #284841)
mmcmeel@rshc-law.com
ALISON L. MADDEFORD (CSB #248523)
amaddeford@rshc-law.com
111 New Montgomery Street, Suite 600
San Francisco, CA  94105
Telephone:   (415) 275-8550
Facsimile:    (415) 275-8551

Attorneys for Defendant
ALCATEL-LUCENT USA INC.
and AT&T Corp.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL HAVILAND, an individual, | Case No. _____ |
| Plaintiff, | [LASC Case No. BC641084] |
| v. | **DEFENDANT ALCATEL-LUCENT USA INC. AND AT&T CORP.'S NOTICE OF REMOVAL TO DISTRICT COURT** |
| ALCATEL-LUCENT USA INC., f/k/a Lucent Technologies Inc. as successor in interest to BELL TELEPHONE LABORATORIES, INC. (also known as BELL LABORATORIES, BELL LABS and BTL) and WESTERN ELECTRIC COMPANY INC.; AT&T CORP., individually and as successor in interest to PACIFIC BELL TELEPHONE COMPANY, PACIFIC TELEPHONE & TELEGRAPH COMPANY, BELL TELEPHONE LABORATORIES, INC. (also known as BELL LABORATORIES, BELL LABS and BTL); AT&T LONG LINES and WESTERN ELECTRIC COMPANY INC.; HONEYWELL INTERNATIONAL INC., f/k/a and individually and as successor in interest to ALLIED SIGNAL, INC., individually and as successor in interest to BENDIX CORPORATION; NOKIA USA INC., individually and as successor in interest to ALCATEL-LUCENT USA INC., BELL TELEPHONE LABORATORIES, INC. (also known as BELL LABORATORIES, BELL LABS and BTL) and WESTERN ELECTRIC COMPANY INC.; PACIFIC BELL TELEPHONE COMPANY, | |

individually and as successor in interest to
PACIFIC BELL TELEPHONE
COMPANY, PACIFIC TELEPHONE &
TELEGRAPH COMPANY, BELL
TELEPHONE LABORATORIES, INC.
(also known as BELL LABORATORIES,
BELL LABS and BTL); AT&T LONG
LINES and WESTERN ELECTRIC
COMPANY INC.; and DOES 1 through
400, inclusive,

Defendants.

**TO THE CLERK AND THE HONORABLE JUDGES OF THE
UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF
CALIFORNIA:**

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants Alcatel-Lucent USA Inc. and AT&T Corp. (collectively the "Removing Defendants"), remove the action entitled *Bill Haviland v. Alcatel-Lucent USA Inc., et al.*, Case No. BC641084, from the Superior Court of California for the County of Los Angeles to the United States District Court for the Central District of California, Western Division. The basis for removal is set forth below.

## BACKGROUND

1.     On November 18, 2016, Plaintiff filed a complaint against Alcatel-Lucent USA Inc. ("Alcatel-Lucent"), AT&T Corp. ("AT&T"), NOKIA USA Inc., Pacific Bell Telephone Company ("Pacific Bell"), and Honeywell International Inc. ("Honeywell").

2.     In his complaint, Plaintiff alleges that he developed mesothelioma (1) through "personal and bystander use of asbestos-containing brake products at various locations throughout California from approximately the 1950s through the 1970s" and (2) through employment as "a maintenance worker for Pacific Telephone and Telegraph ("PacTel") from approximately the 1956 through the 1970s." (Compl. ¶¶ 7-8).

## **FRAUDULENT JOINDER OF NOKIA USA INC.**

3.     Nokia USA Inc. was, at the time of the filing of the complaint, and still is, incorporated under the laws of the State of Delaware with its principal place of business in the State of California.

4.     Nokia USA Inc. was fraudulently joined in this action.

5.     "The fraudulent joinder doctrine requires courts to disregard the citizenship of defendants . . . when evidence presented by the removing party shows that there is no factual basis for the claims alleged against the defendants." *Onelum v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1051 (C.D. Cal. 2013).

6.     Plaintiff's claims against Nokia USA Inc. arise out of Plaintiff's allegation that Nokia USA Inc. is the successor to Alcatel-Lucent USA Inc., which, in turn is alleged to be the successor to Bell Telephone Laboratories, Inc. and Western Electric Company Inc.

7.     Nokia USA Inc. is not the successor to Alcatel-Lucent USA Inc., Bell Telephone Laboratories, Inc., or Western Electric Company Inc. (Exhibit A, Crowley Decl. ¶ 7).

8.     At no time has Nokia USA Inc. held an ownership interest in Alcatel-Lucent USA Inc.  (Exhibit A, Crowley Decl. ¶ 8).

9.     Nokia USA Inc. has not accepted any liabilities of Alcatel-Lucent USA Inc. (Exhibit A, Crowley Decl.¶ 9).

10.    At no time has Nokia USA Inc. held an ownership interest in Bell Telephone Laboratories, Inc. (Exhibit A, Crowley Decl. ¶ 8).

11.    Nokia USA Inc. has not accepted any liabilities of Bell Telephone Laboratories, Inc. (Exhibit A, Crowley Decl.¶ 9).

12.    At no time has Nokia USA Inc. held an ownership interest in Western Electric Company Inc. (Exhibit A, Crowley Decl. ¶ 8).

13.    Nokia USA Inc. has not accepted any liabilities of Western Electric Company Inc. (Exhibit A, Crowley Decl. ¶ 9).

14.     Because there is no factual basis for Plaintiff's claims against NOKIA USA Inc., Plaintiff's joinder of Nokia USA Inc. is fraudulent. Therefore, Nokia USA Inc. cannot be considered for the purposes of determining diversity of citizenship.

**FRAUDULENT JOINDER OF PACIFIC BELL TELEPHONE COMPANY**

15.     Pacific Bell was, at the time of the filing of the complaint, and still is, incorporated under the laws of the State of California with its principal place of business in the State of California.

16.     Pacific Bell was fraudulently joined in this action.

**Workers' Compensation Bar**

17.     "If the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987).

18.     Plaintiff alleges that his injuries were proximately caused by exposure to asbestos as a result of his work as an employee of Pacific Telephone and Telegraph. (Compl. ¶ 8; Compl. Preliminary Fact Sheet § II "Exposure").

19.     Plaintiff sued Pacific Bell "as successor to Pacific Telephone and Telegraph." (Compl. ¶ 8).

20.     Under the settled law of the State of California, a plaintiff does not have a right of action against his employer for injuries arising from his employment.  Cal. Labor Code 3600 *et seq.*

21.     During the time that Plaintiff alleges exposure to asbestos from his work for Pacific Bell, both Plaintiff and Pacific Bell were subject to the workers' compensation provisions of the California Labor Code.

22.     During the entire time that Plaintiff alleges exposure to asbestos through his work for Pacific Bell, Pacific Bell maintained a Certificate of Consent

1    to Self-Insure issued by the California Department of Industrial Relations.  (Phillips

2    Decl. ¶ 7).

3          23.     Plaintiff's claims arising out of his work for Pacific Bell are barred by

4    the worker's compensation provisions of the California Labor Code. Cal. Labor

5    Code 3600 *et seq.*

6    **No Successor Liability**

7          24.     Plaintiff also alleges that Pacific Bell is successor in interest to Bell

8    Telephone Laboratories, Inc.; AT&T Long Lines; and Western Electric Company

9    Inc. (Compl. ¶ 8).

10          25.     "The fraudulent joinder doctrine requires courts to disregard the

11    citizenship of defendants . . . when evidence presented by the removing party shows

12    that there is no factual basis for the claims alleged against the defendants." *Onelum*

13    *v. Best Buy Stores L.P.*, 948 F. Supp. 2d 1048, 1051 (C.D. Cal. 2013).

14          26.     Pacific Bell is not the successor to Bell Telephone Laboratories, Inc.;

15    AT&T Long Lines; or Western Electric Company Inc. (Exhibit B, Phillips Decl. ¶

16    9).

17          27.     At no time has Pacific Bell held an ownership interest in Bell

18    Telephone Laboratories, Inc. (Exhibit B, Phillips Decl. ¶ 10).

19          28.     Pacific Bell has not accepted any liabilities of Bell Telephone

20    Laboratories, Inc. (Exhibit B, Phillips Decl. ¶ 11).

21          29.     At no time has Pacific Bell held an ownership interest in AT&T Long

22    Lines. (Exhibit B, Phillips Decl. ¶ 10).

23          30.     Pacific Bell has not accepted any liabilities of AT&T Long Lines.

24    (Exhibit B, Phillips Decl. ¶ 11).

25          31.     At no time has Pacific Bell held an ownership interest in Western

26    Electric Company Inc. (Exhibit B, Phillips Decl. ¶ 10).

27          32.     Pacific Bell has not accepted any liabilities of Western Electric

28    Company Inc. (Exhibit B, Phillips Decl. ¶ 11).

33. Because Plaintiff's employment claims are barred by California's workers' compensation laws and because there is no factual basis for Plaintiff's successor liability claims against Pacific Bell, Plaintiff's joinder of Pacific Bell is fraudulent. Therefore, Pacific Bell cannot be considered for the purposes of determining diversity of citizenship.

## DIVERSE CITIZENSHIP OF PROPERLY JOINED PARTIES

34. Pursuant to 28 U.S.C. 1331(a)(1), there is complete diversity of citizenship between Plaintiff and the properly joined defendants.

35. Plaintiff was, at the time of filing the complaint, and still is, a citizen of the United States, a citizen of the State of California.

36. Alcatel-Lucent was, at the time of the filing of the complaint, and still is, incorporated under the laws of the State of Delaware with its principal place of business in the State of New Jersey.

37. AT&T was, at the time of the filing of the complaint, and still is, incorporated under the laws of the State of New York with its principal place of business in the State of New Jersey.

38. Honeywell was, at the time of the filing of the complaint, and still is, incorporated under the laws of the State of Delaware with its principal place of business in the State of New Jersey.

## AMOUNT IN CONTROVERSY

39. Plaintiff alleges that Removing Defendants caused him to develop a terminal cancer.

40. Plaintiff seeks compensatory damages, including medical expenses relating to his cancer, lost income and earning capacity, and punitive and exemplary damages.

41. The amount in controversy exceeds $75,000, exclusive of interest and costs.

1

## **PROCEDURAL COMPLIANCE**

2      42.     The Superior Court of California for the County of Los Angeles is

3  located within the Western Division of the Central District of California. Therefore,

4  venue is proper because this district and division are the "district and division

5  embracing the place where such action is pending." 28 U.S.C. § 1441(a).

6      43.     AT&T was first served with process in this action on November 23,

7  2016. Therefore, pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely

8  filed within thirty (30) days of AT&T's receipt of a "paper from which it may first

9  be ascertained that the case is one which is or has become removable."

10     44.     Alcatel-Lucent was first served with process in this action on

11 November 28, 2016.  Therefore, pursuant to 28 U.S.C. § 1446(b), this Notice of

12 Removal is timely filed within thirty (30) days of Alcatel-Lucent's receipt of a

13 "paper from which it may first be ascertained that the case is one which is or has

14 become removable."

15     45.     Pursuant to 28 U.S.C. § 1446(b)(2)(A), Honeywell International Inc.

16 has consented to the removal of this action. (*See* Exhibit C).

17     46.     Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and

18 orders served upon defendants in respect to this action are attached hereto as

19 Exhibit D.

20     47.     Pursuant to 28 U.S.C. 1446(d), Removing Defendants have

21 contemporaneously filed a copy of this Notice with the clerk for the Superior Court

22 of California for the County of Los Angeles.

23

24

25

26

27

28

1    Dated:  December 23, 2016          RILEY SAFER HOLMES & CANCILA LLP

2

3                                       By:   s/ Meghan R. McMeel
                                              Meghan R. McMeel
4                                             Attorneys for Defendant
                                              ALCATEL-LUCENT USA INC. and
5                                             AT&T Corp.

6

7
     4819-1347-3086, v. 5
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT ALCATEL-LUCENT USA INC. AND AT&T CORP.'S NOTICE OF REMOVAL TO DISTRICT COURT

*Haviland v. Alcatel-Lucent USA, Inc., et al.,*
USDC Central District of California, Case No. _____LASC Case No. JCCP 4674/BC641084

# CERTIFICATE OF SERVICE

I am over the age of eighteen years and not a party to this action.  My business address is 111 New Montgomery Street, Suite 600, San Francisco, California.  On the date stated below, at San Francisco, California, I served the attached document(s) on the parties in this action as follows:

## DEFENDANT ALCATEL-LUCENT USA INC. AND AT&T CORP.'S NOTICE OF REMOVAL TO DISTRICT COURT

☑   **BY OVERNIGHT DELIVERY**:  By placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

Benno Ashrafi, Esq.
Peter C. Beirne, Esq.
WEITZ & LUXENBERG, P.C.
1880 Century Park East, Ste. 700
Los Angeles, California 90067
Telephone: (310) 247-0921
Facsimile: (310) 786-9927

Attorney for Plaintiff, BILL HAVILAND

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed this 23rd day of December, 2016, at San Francisco, California.

_____
Dan Gunn

4827-4324-0255, v. 1