| | |
|---|---|
| 1 | RILEY SAFER HOLMES & CANCILA LLP |
| 2 | MEGHAN R. MCMEEL (CSB #284841)<br>mmcmeel@rshc-law.com |
| 3 | 111 New Montgomery Street, Suite 600<br>San Francisco, CA 94105 |
| 4 | Telephone: (415) 275-8550<br>Facsimile: (415) 275-8551 |
| 5 | Attorneys for Defendant |
| 6 | PACIFIC BELL TELEPHONE COMPANY |

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL HAVILAND, an individual,<br><br>    Plaintiff,<br><br>        v.<br><br>ALCATEL-LUCENT USA INC., et al.,<br><br>    Defendants. | Case No. 2:16-cv-09503<br><br>[LASC Case No. BC641084]<br><br>**DEFENDANT PACIFIC BELL TELEPHONE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS**<br><br>Date:   January 30, 2017<br>Time:   1:30 pm<br>Judge:  Hon. Dale S. Fischer<br>CTRM:  7D |

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

NOTICE IS HEREBY GIVEN THAT on January 30, 2017, at 1:30 p.m., before the Honorable Dale S. Fischer, in Courtroom 7D of the United States Courthouse for the Central District of California, First Street Courthouse, 350 West 1st Street, Courtroom 7D, Los Angeles, California, Defendant Pacific Bell Telephone Company ("Defendant") will and hereby does move the Court to dismiss the Complaint for Damages against Defendant pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place over several occasions in November and December 2016 (more than 7 days prior to filing this motion), in which Counsel for Defendant requested that Defendants be dropped from this suit for the reasons set forth below. Counsel were unable to reach a resolution.

As set forth in the accompanying Memorandum of Points and Authorities, there is good cause for the relief requested. The Complaint fails to state a claim upon which relief may be granted for Defendant.

This Motion is based on this Notice of Motion and Motion; the accompanying Memorandum of Points and Authorities; the pleadings and papers filed in this action; and such further argument and matters as may be offered at the time of the hearing of this Motion.

## I. INTRODUCTION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendant Pacific Bell Telephone Company ("Pacific Bell") respectfully moves for dismissal of all claims against it.

Plaintiff, Bill Haviland, is a former Pacific Bell employee, who claims that he developed cancer as the result of exposure to asbestos during his employment at Pacific Bell. In addition, Haviland alleges that Pacific Bell is the successor-in-interest to a group of companies he claims supplied asbestos-containing products to Pacific Bell. Haviland offers no facts to support his conclusory statement that Pacific Bell is a successor to those companies.

For two reasons, Haviland's claims against Pacific Bell are legally untenable. First, Haviland's claims against Pacific Bell are barred by California workers' compensation law.  Second, Haviland's Complaint does not contain factual allegations sufficient to establish successor liability against either of the Defendants.

## II. BACKGROUND

Haviland alleges that he developed mesothelioma (1) through "personal and bystander use of asbestos-containing brake products at various locations throughout California from approximately the 1950s through the 1970s" and (2) through employment as "a maintenance worker for Pacific Telephone and Telegraph ("PacTel")[, Pacific Bell's predecessor,] from approximately the 1956 through the 1970s." (Compl. ¶¶ 7-8.)

Haviland asserts two theories of liability against Pacific Bell. First, Haviland alleges that his cancer arises from exposure to asbestos during his employment at Pacific Bell. During the time that Haviland alleges exposure to asbestos from his work for Pacific Bell, both Haviland and Pacific Bell were subject to the workers' compensation provisions of the California Labor Code. During the entire time that Haviland alleges exposure to asbestos through his work for Pacific Bell, Pacific

Bell maintained a Certificate of Consent to Self-Insure issued by the California Department of Industrial Relations. (Exh. 1, Phillips Decl. ¶ 7)

Second, Haviland alleges that Pacific Bell is successor in interest to Bell Telephone Laboratories, Inc., AT&T Long Lines, and Western Electric Company Inc. Pacific Bell is not the successor to Bell Telephone Laboratories, Inc., AT&T Long Lines, or Western Electric Company Inc. (Exh. 1, Phillips Decl. ¶¶ 9-11).

## III.   ARGUMENT

### A.   Law

A complaint must make a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). A complaint's failure to comply subjects it to dismissal under Fed. R. Civ. P. 12(b)(6). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Further, "only a complaint that states a plausible claim for relief survives a motion to dismiss. ... [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]' - 'that the pleader is entitled to relief.'" *Iqbal,* 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2); citations omitted).  Rule 8(a)(2) requires "a showing, rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests." *Twombly*, 550 U.S. at 556, n. 3.

The "[f]actual allegations must be enough to raise a right to relief above the speculative level" and to "state a claim to relief that is plausible on its face." *Id*. at

- 4 -

570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 663.

### B. Haviland's Claims Against Pacific Bell are Facially and Factually Deficient.

Haviland's claims against Pacific Bell are two-fold. First, Haviland claims that his injuries were proximately caused by exposure to asbestos as a result of his work for Pacific Bell. (Compl. ¶ 8; Compl. Preliminary Fact Sheet § II "Exposure"). Second, Haviland sued Pacific Bell as successor-in-interest to Bell Telephone Laboratories, Inc.; AT&T Long Lines; and Western Electric Company Inc. (Compl. ¶ 8). The first claim is barred by California Labor Code. The second claim is again based on a false, conclusory statement.

#### 1. Haviland's employment-related claims are barred by the California Labor Code.

Under California Labor Code 3600, et seq., injuries sustained and arising out of the course of employment are subject to the exclusive remedy of worker's compensation and a plaintiff may not bring suit in civil court. *See* Cal. Lab. Code § 3600; *Mueller v. City. of Los Angeles*, 176 Cal.App.4th 809, 823, 98 Cal.Rptr.3d 281 (2d Dist.2009). During the entire time that Haviland alleges exposure to asbestos through his work for Pacific Bell, Pacific Bell maintained a Certificate of Consent to Self-Insure issued by the California Department of Industrial Relations. (Exh. 1, Phillips Decl. ¶ 7). Thus Haviland's employment-related claims are barred by Cal. Lab. Code § 3600, et seq.

#### 2. Haviland's claims against Pacific Bell as an alleged successor in interest of other parties is based on a false assertion of fact.

Haviland's claim that Pacific Bell is the successor in interest of Bell Telephone Laboratories, Inc., AT&T Long Lines, and Western Electric Company Inc., fails both facially and factually.

- 5 -

Haviland's Complaint does not provide factual allegations sufficient to allow the court to draw the reasonable inference that Pacific Bell is a successor to Bell Telephone Laboratories, Inc., AT&T Long Lines or Western Electric Company Inc. The mere conclusory statement that Pacific Bell is the successor to the other companies is insufficient without supporting factual statements. *Iqbal*, 556 U.S. at 663

Further, the Complaint fails a factual challenge under Rule 12(b)(6). As set forth in Paula Phillips's Declaration, Pacific Bell is not the successor in interest to Bell Telephone Laboratories, Inc.; AT&T Long Lines; or Western Electric Company Inc., nor has it ever assumed any liabilities of those companies. (Exh. 1, Phillips Decl. ¶ 9-11). Because the basis for Pacific Bell being added to the Complaint is based on a factually incorrect allegation, the Court should dismiss the case against Pacific Bell as successor in interest Bell Telephone Laboratories, Inc.; AT&T Long Lines; and Western Electric Company Inc.

## IV. CONCLUSION

For the above reasons, Defendant Pacific Bell respectfully request that the Court to dismiss with prejudice the claims against it.

Dated: December 30, 2016          RILEY SAFER HOLMES & CANCILA LLP


By: *s/ Meghan R. McMeel*
Meghan R. McMeel

*Attorney for Defendant Pacific Bell Telephone Compnay*

4829-1479-4815, v. 1

- 6 -

*Haviland v. Alcatel-Lucent USA, Inc., et al.*,
USDC Central District of California, Case No. 2:16-cv-09503
LASC Case No. JCCP 4674/BC641084

# CERTIFICATE OF SERVICE

I am over the age of eighteen years and not a party to this action.  My business address is 111 New Montgomery Street, Suite 600, San Francisco, California.  On the date stated below, at San Francisco, California, I served the attached document(s) on the parties in this action as follows:

**DEFENDANT PACIFIC BELL TELEPHONE COMPANY'S NOTICE OF MOTION AND MOTION TO DISMISS**

☑  **BY OVERNIGHT DELIVERY**:  By placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

Benno Ashrafi, Esq.
Peter C. Beirne, Esq.
WEITZ & LUXENBERG, P.C.
1880 Century Park East, Ste. 700
Los Angeles, California 90067
Telephone: (310) 247-0921
Facsimile: (310) 786-9927

Attorney for Plaintiff, BILL HAVILAND

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.  Executed this 30th day of December, 2016, at San Francisco, California.

_____
Dan Gunn

4833-4542-9823, v. 1